**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ROBERT BERG, Individually and On Behalf of All Others Similarly Situated, )<br><br>Plaintiff, )<br><br>v. )<br><br>ENERNOC, INC., TIM HEALY, DAVID BREWSTER, KIRK ARNOLD, JIM BAUM, ARTHUR W. COVIELLO, JR., TJ GLAUTHIER, GARY HAROIAN, ENEL S.P.A., ENEL GREEN POWER NORTH AMERICA, INC., and PINE MERGER SUB INC., )<br><br>Defendants. ) | Case No. 17-11331<br><br>JURY TRIAL DEMANDED<br><br>CLASS ACTION |

<u>**COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934**</u>

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

<u>**NATURE OF THE ACTION**</u>

1.     This action stems from a proposed transaction announced on June 22, 2017 (the "Proposed Transaction"), pursuant to which EnerNOC, Inc. ("EnerNOC" or the "Company") will be acquired by Enel Green Power North America, Inc. ("Parent") and Pine Merger Sub, Inc. ("Merger Sub"), affiliates of Enel S.p.A. (together with Parent and Merger Sub, "Enel") through a tender offer currently set to expire on August 4, 2017 (the "Tender Offer").

2.     On June 21, 2017, EnerNOC's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with Enel.  Pursuant to the terms of the Merger Agreement, shareholders of

EnerNOC will receive $7.67 in cash for each share of EnerNOC common stock.

3.      On July 10, 2017, defendants filed a Solicitation/Recommendation Statement (the "Solicitation Statement") with the United States Securities and Exchange Commission ("SEC") in connection with the Proposed Transaction.

4.      The Solicitation Statement omits material information with respect to the Proposed Transaction, which renders the Solicitation Statement false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(e), 14(d), and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Solicitation Statement.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over all claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(e), 14(d), and 20(a) of the 1934 Act and Rule 14a-9.

6.      This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7.      Venue is proper under 28 U.S.C. § 1391 because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8.      Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of EnerNOC common stock.

9.     Defendant EnerNoc is a Delaware corporation and maintains its principal executive offices at 1 Marina Park Drive, Suite 400, Boston, Massachusetts 02210.  EnerNoc common stock is traded on the NasdaqGS under the ticker symbol "ENOC."

10.     Defendant Tim Healy ("Healy") is a co-founder of EnerNOC and serves as Chairman of the Board and Chief Executive Officer ("CEO") of EnerNOC.

11.     Defendant David Brewster ("Brewster") is a co-founder of EnerNOC and serves as President and a director of EnerNOC.

12.     Defendant Kirk Arnold ("Arnold") is a director of EnerNOC.

13.     Defendant Jim Baum ("Baum") is a director of EnerNOC.

14.     Defendant Arthur W. Coviello, Jr. ("Coviello") is a director of EnerNOC.

15.     Defendant TJ Glauthier ("Glauthier") is a director of EnerNOC.

16.     Defendant Gary Haroian ("Haroian") is a director of EnerNOC.

17.     The defendants identified in paragraphs 10 through 16 are collectively referred to herein as the "Individual Defendants."

18.     Defendant Enel S.p.A. is a multinational power utility and integrated electricity and gas operator.

19.     Defendant Parent is a Delaware corporation and a party to the Merger Agreement.

20.     Defendant Merger Sub is a Delaware corporation, a wholly-owned subsidiary of Parent, and a party to the Merger Agreement.

## CLASS ACTION ALLEGATIONS

21.     Plaintiff brings this action as a class action on behalf of himself and the other public stockholders of EnerNOC (the "Class").  Excluded from the Class are defendants herein and any person, firm, trust, corporation, or other entity related to or affiliated with any defendant.

22.    This action is properly maintainable as a class action.

23.    The Class is so numerous that joinder of all members is impracticable.  As of June 21, 2017, there were approximately 31,372,190 shares of EnerNOC common stock outstanding, held by hundreds, if not thousands, of individuals and entities scattered throughout the country.

24.    Questions of law and fact are common to the Class, including, among others: (i) whether defendants violated the 1934 Act; and (ii) whether defendants will irreparably harm plaintiff and the other members of the Class if defendants' conduct complained of herein continues.

25.    Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature.  Plaintiff's claims are typical of the claims of the other members of the Class and plaintiff has the same interests as the other members of the Class.  Accordingly, plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

26.    The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for defendants, or adjudications that would, as a practical matter, be dispositive of the interests of individual members of the Class who are not parties to the adjudications or would substantially impair or impede those non-party Class members' ability to protect their interests.

27.    Defendants have acted, or refused to act, on grounds generally applicable to the Class as a whole, and are causing injury to the entire Class.  Therefore, final injunctive relief on behalf of the Class is appropriate.

## SUBSTANTIVE ALLEGATIONS

### *Background of the Company and the Proposed Transaction*

28.    EnerNOC is a leading provider of energy intelligence software ("EIS") and demand response solutions.

29.    With capabilities to better address budgets and procurement, utility bill management, facility analysis and optimization, sustainability and reporting, project tracking, and demand management, EnerNOC's SaaS platform helps enterprises control energy costs, mitigate risk, and streamline compliance and sustainability reporting.

30.    The Company also offers access to more demand response programs worldwide than any other provider, offering enterprises a valuable payment stream to further enhance bottom line results and utilities and grid operators a reliable, cost-effective demand-side resource.

31.    On June 21, 2017, the Board caused EnerNOC to enter into the Merger Agreement.

32.    The Individual Defendants have all but ensured that another entity will not emerge with a competing proposal by agreeing to a "no solicitation" provision in the Merger Agreement that prohibits the Individual Defendants from soliciting alternative proposals and severely constrains their ability to communicate and negotiate with potential buyers who wish to submit or have submitted unsolicited alternative proposals.

33.    Further, the Company must promptly advise Enel of any proposals or inquiries received from other parties.

34.    Moreover, the Merger Agreement contains a highly restrictive "fiduciary out" provision permitting the Board to withdraw its approval of the Proposed Transaction under

extremely limited circumstances, and grants Enel a "matching right" with respect to any "Superior Proposal" made to the Company.

35.    Further locking up control of the Company in favor of Enel, the Merger Agreement provides for a "termination fee" of $8.75 million payable by the Company to Enel if the Individual Defendants cause the Company to terminate the Merger Agreement.

36.    By agreeing to all of the deal protection devices, the Individual Defendants have locked up the Proposed Transaction and have precluded other bidders from making successful competing offers for the Company.

37.    Additionally, Individual Defendants Healy and Brewster entered into support agreements with Enel, pursuant to which they have agreed to tender their shares in the Tender Offer.  Accordingly, such shares are already locked up in favor of the Proposed Transaction.

38.    The merger consideration to be paid to plaintiff and the Class in the Proposed Transaction is inadequate.

39.    Among other things, the intrinsic value of the Company is materially in excess of the amount offered in the Proposed Transaction.

40.    Accordingly, the Proposed Transaction will deny Class members their right to share proportionately and equitably in the true value of the Company's valuable and profitable business, and future growth in profits and earnings.

***The Solicitation Statement Omits Material Information, Rendering It False and Misleading***

41.    Defendants filed the Solicitation Statement with the SEC in connection with the Proposed Transaction.

42.    The Solicitation Statement omits material information regarding the Proposed Transaction, which renders the Solicitation Statement false and misleading.

6

43.     First, the Solicitation Statement omits material information regarding EnerNOC's financial projections and the analyses performed by the Company's financial advisor, Morgan Stanley & Co. LLC ("Morgan Stanley").

44.     For example, with respect to Morgan Stanley's Discounted Cash Flow Analysis, the Solicitation Statement fails to disclose:  (i) the calculated unlevered free cash flows for EnerNOC and the constituent line items; (ii) the terminal values for the Company; (iii) the inputs and assumptions underlying the range of discount rates of 10.8% to 12.8%; and (iv) Morgan Stanley's basis for using perpetual growth rates of 2% to 3%.

45.     With respect to Morgan Stanley's Precedent Premiums Paid Analysis, the Solicitation Statement fails to disclose: (i) the selected transactions observed by Morgan Stanley; and (ii) the premiums paid in such transactions.

46.     When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.  Moreover, the disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

47.     The omission of this material information renders the Solicitation Statement false and misleading, including, *inter alia*, the following section of the Solicitation Statement: "The Solicitation or Recommendation."

48.     Second, the Solicitation Statement omits material information regarding potential conflicts of interest of Morgan Stanley.

49.     For example, the Solicitation Statement provides that "Morgan Stanley has been engaged with regard to two financial advisory assignments for Parent which are unrelated to the Merger and may receive customary fees if the transactions that are the subject matter of those assignments are completed."  However, the Solicitation Statement fails to disclose the amount of such "customary fees" to be received by Morgan Stanley.

50.     Full disclosure of investment banker compensation and all potential conflicts is required due to the central role played by investment banks in the evaluation, exploration, selection, and implementation of strategic alternatives.

51.     The omission of this material information renders the Solicitation Statement false and misleading, including, *inter alia*, the following section of the Solicitation Statement: "The Solicitation or Recommendation."

52.     Third, the Solicitation Statement omits material information regarding potential conflicts of interest of the Company's officers and directors.

53.     Specifically, the Solicitation Statement fails to disclose the timing and nature of all communications regarding future employment, directorship, and consulting agreements of EnerNOC's officers and directors, including who participated in all such communications.

54.     Communications regarding post-transaction employment during the negotiation of the underlying transaction must be disclosed to stockholders.  This information is necessary for stockholders to understand potential conflicts of interest of management and the Board, as that information provides illumination concerning motivations that would prevent fiduciaries from acting solely in the best interests of the Company's stockholders.

55.    The omission of this material information renders the Solicitation Statement false and misleading, including, *inter alia*, the following section of the Solicitation Statement: "The Solicitation or Recommendation."

56.    Fourth, the Solicitation Statement fails to disclose whether any confidentiality agreements executed by EnerNOC and the prospective bidders contained provisions that are or were preventing those counterparties from submitting superior offers to acquire the Company.

57.    Without this information, stockholders may have the mistaken belief that, if these potentially interested parties wished to come forward with a superior offer, they are or were permitted to do so, when in fact they are or were contractually prohibited from doing so.

58.    The omission of this material information renders the Solicitation Statement false and misleading, including, *inter alia*, the following section of the Solicitation Statement: "The Solicitation or Recommendation."

59.    Fifth, the Solicitation Statement omits material information regarding the background of the Proposed Transaction.    The Company's stockholders are entitled to an accurate description of the "process" the directors used in coming to their decision to support the Proposed Transaction.

60.    For example, the Solicitation Statement fails to disclose the values of the proposals submitted to the Company by "Party C" and "Party J."

61.    The omission of this material information renders the Solicitation Statement false and misleading, including, *inter alia*, the following section of the Solicitation Statement: "The Solicitation or Recommendation."

62.    The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to EnerNOC's stockholders.

## COUNT I

### (Claim for Violation of Section 14(e) of the 1934 Act Against Defendants)

63.    Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

64.    Section 14(e) of the 1934 Act states, in relevant part, that:

It shall be unlawful for any person to make any untrue statement of a material fact
or omit to state any material fact necessary in order to make the statements made,
in the light of the circumstances under which they are made, not misleading . . . in
connection with any tender offer or request or invitation for tenders[.]

65.    Defendants disseminated the misleading Solicitation Statement, which contained
statements that, in violation of Section 14(e) of the 1934 Act, in light of the circumstances under
which they were made, omitted to state material facts necessary to make the statements therein
not misleading.

66.    The Solicitation Statement was prepared, reviewed, and/or disseminated by
defendants.

67.    The Solicitation Statement misrepresented and/or omitted material facts in
connection with the Proposed Transaction as set forth above.

68.    By virtue of their positions within the Company and/or roles in the process and
the preparation of the Solicitation Statement, defendants were aware of this information and their
duty to disclose this information in the Solicitation Statement.

69.    The omissions in the Solicitation Statement are material in that a reasonable
shareholder will consider them important in deciding whether to tender their shares in connection
with the Proposed Transaction.  In addition, a reasonable investor will view a full and accurate
disclosure as significantly altering the total mix of information made available.

70.     Defendants knowingly or with deliberate recklessness omitted the material information identified above in the Solicitation Statement, causing statements therein to be materially incomplete and misleading.

71.     By reason of the foregoing, defendants violated Section 14(e) of the 1934 Act.

72.     Because of the false and misleading statements in the Solicitation Statement, plaintiff and the Class are threatened with irreparable harm.

73.     Plaintiff and the Class have no adequate remedy at law.

## COUNT II

### (Claim for Violation of 14(d) of the 1934 Act Against Defendants)

74.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

75.     Section 14(d)(4) of the 1934 Act states:

Any solicitation or recommendation to the holders of such a security to accept or reject a tender offer or request or invitation for tenders shall be made in accordance with such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors.

76.     Rule 14d-9(d) states, in relevant part:

Any solicitation or recommendation to holders of a class of securities referred to in section 14(d)(1) of the Act with respect to a tender offer for such securities shall include the name of the person making such solicitation or recommendation and the information required by Items 1 through 8 of Schedule 14D-9 (§ 240.14d-101) or a fair and adequate summary thereof[.]

Item 8 requires that directors must "furnish such additional information, if any, as may be necessary to make the required statements, in light of the circumstances under which they are made, not materially misleading."

77.     The Solicitation Statement violates Section 14(d)(4) and Rule 14d-9 because it omits the material facts set forth above, which renders the Solicitation Statement false and/or misleading.

11

78.     Defendants knowingly or with deliberate recklessness omitted the material information set forth above, causing statements therein to be materially incomplete and misleading.

79.     The omissions in the Solicitation Statement are material to plaintiff and the Class, and they will be deprived of their entitlement to make a fully informed decision with respect to the Proposed Transaction if such misrepresentations and omissions are not corrected prior to the expiration of the Tender Offer.

80.     Plaintiff and the Class have no adequate remedy at law.

### COUNT III

**(Claim for Violation of Section 20(a) of the 1934 Act
Against the Individual Defendants and Enel)**

81.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

82.     The Individual Defendants and Enel acted as controlling persons of EnerNOC within the meaning of Section 20(a) of the 1934 Act as alleged herein.  By virtue of their positions as officers and/or directors of EnerNOC and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Solicitation Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

83.     Each of the Individual Defendants and Enel was provided with or had unlimited access to copies of the Solicitation Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

12

84. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Solicitation Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly connected with and involved in the making of the Solicitation Statement.

85. Enel also had direct supervisory control over the composition of the Solicitation Statement and the information disclosed therein, as well as the information that was omitted and/or misrepresented in the Solicitation Statement.

86. By virtue of the foregoing, the Individual Defendants and Enel violated Section 20(a) of the 1934 Act.

87. As set forth above, the Individual Defendants and Enel had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act.

88. As a direct and proximate result of defendants' conduct, plaintiff and the Class are threatened with irreparable harm.

89. Plaintiff and the Class have no adequate remedy at law.

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiff prays for judgment and relief as follows:

A. Enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B.      In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C.      Directing the Individual Defendants to file a Solicitation Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D.      Declaring that defendants violated Sections 14(e), 14(d), and 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E.      Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F.      Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

Dated: July 18, 2017

**MATORIN LAW OFFICE, LLC**

By:  */s/ Mitchell J. Matorin*
_____
Mitchell J. Matorin (BBO# 649304)
Matorin Law Office, LLC
18 Grove Street, Suite 5
Wellesley, MA 02482
(781) 453-0100
mmatorin@matorinlaw.com

*Attorneys for Plaintiff*

**OF COUNSEL:**

**RIGRODSKY & LONG, P.A.**
Brian D. Long
Gina M. Serra
2 Righter Parkway, Suite 120
Wilmington, DE 19803
(302) 295-5310
bdl@rl-legal.com

**RM LAW, P.C.**
1055 Westlakes Drive, Suite 300
Berwyn, PA 19312
(484) 324-6800